IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00959–WYD–KMT

NEWARK REVOLVING HOLDING CO., a New Jersey corporation,

     Plaintiff,

v.

BEAR PAW JOINT VENTURE, a Colorado joint venture,

     Defendant.

---

## ORDER

---

     This matter is before the court on Defendant's "Motion for Stay Pending Outcome in State Court Action" filed July 11, 2011 (Doc. No. 22 [Mot.].)  Plaintiff filed its response on August 12, 2011 (Doc. No. 32 [Resp.]), and Defendant filed its reply on August 26, 2011 (Doc. No. 37 ][Reply]).  On November 9, 2011, Plaintiff filed a Withdrawal of its Objection to a Stay. (Doc. No. 46 [Withdrawal].)  The motion is ripe for ruling.

     In the Motion, Defendant asserts that all of the claims in this action are the subject of litigation pending in the District Court, Fremont County, Colorado (State Court) in Case No.: 2010 CV 255.  Defendant argues an order staying all claims pending in the instant case until there is a resolution of the action in State Court is appropriate for the following reasons:

     a)     The State Court has priority because jurisdiction was established first in the State Court;

b)      The Declaratory Judgment claim brought in this Court will not be ripe until it is

determined that Defendant is a "creditor" of Plaintiff, because it is a prerequisite to avoiding a

fraudulent transfer;

c)      This Court should abstain from adjudicating any claims because there is an

ongoing proceeding in State Court where adequate relief will be granted; and

d)      Plaintiff's claim of tortuous interference of a contract is tenuous at best.

A motion to stay court proceedings is an appropriate exercise of this court's discretion.

*Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936).  The power to stay proceedings is

incidental to the power inherent in every court to control the disposition of the causes on its

docket with economy of time and effort for itself, for counsel, and for litigants.  How this can

best be done calls for the exercise of judgment, which must weigh competing interests and

maintain an even balance.  *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763

(1931).  The underlying principle in determination of whether to grant or deny a stay clearly is

that "[t]he right to proceed in court should not be denied except under the most extreme

circumstances."  *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.*,

713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck,* 436 F.2d 337, 339 (2d

Cir. 1971).  In other words, stays of the normal proceedings of a court matter should be the

exception rather than the rule.

"Considerations of '(w)ise judicial administration, giving regard to conservation of

judicial resources and comprehensive disposition of litigation' govern in situations involving the

contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and

federal courts." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817

(1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)).

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the

state court is no bar to proceedings concerning the same matter in the Federal court having

jurisdiction . . . .'" *Id.* (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910).  However, the

Supreme Court noted, " the general principle is to avoid duplicative litigation." *Id.*  "[T]he

decision whether to defer to the state courts is necessarily left to the discretion of the district

court in the first instance." *Fox v. Maulding,* 16 F.3d 1079, 1081 (10th Cir. 1994) (quoting

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983)).

In making the decision regarding a stay or dismissal of a concurrent federal action, the

Tenth Circuit, in *Fox*, considered (1) whether either court has assumed jurisdiction over

property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal

litigation; and (4) the order in which the courts obtained jurisdiction.  *Id.* at 1082.  The Supreme

Court in *Moses H. Cone* also considered whether either of the parallel actions was "vexatious or

reactive" (*id*. at 18 n.20), "whether federal law provides the rules of decision" (*id*. at 23), and

"the adequacy of the state court action to protect the federal plaintiff's rights" (*id*. at 28).

Generally, in considering the propriety of a stay under any circumstances, the court will consider

"(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential

prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the

court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."

*See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, 2 (D. Colo. 2006).

3

In weighing the factors concerning the propriety of a stay, this court finds that a stay of the federal action is appropriate here.  Though Plaintiff does not agree or concur with the rationale stated by Defendant in its Motion to Stay, the parties now agree that a stay in these proceedings is appropriate given the circumstances occurring in the related State Court matter and due to the possible filing of bankruptcy by one or more of the parties in that action. Therefore, there is no prejudice to Plaintiff in granting a stay in this matter at this time.  The court agrees that in this case it is sensible to allow for resolution of the bankruptcy proceedings, which would require an automatic stay in any event, before putting the parties through the process and expense of discovery in this matter.  The court also considers its own convenience, the interests of non-parties, and the public interest in general.  None of these factors prompt the court to reach a different result.  Therefore, it is

**ORDERED** that Defendant's "Motion for Stay Pending Outcome in State Court Action" (Doc. No. 22) is GRANTED in part.  This matter is STAYED pending resolution of the bankruptcy issues raised in the related State Court Action.  The parties shall file a joint status report within ten days following resolution of the bankruptcy issues raised in the State Court Action.  At that time, the parties may address whether the stay shall continue, based on the

4

arguments made in the Motion to Stay and Response or any new arguments, or whether scheduling deadlines should be set and this matter should proceed.

Dated this 9th day of November, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

5